**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CYNTHIA N. YOUNG, on behalf of herself and others similarly situated,** | ) ) ) | |
| **Plaintiff,** | ) ) ) | Case No. 05 C 7314 |
| v. | ) ) ) | Magistrate Judge Morton Denlow |
| **VERIZON'S BELL ATLANTIC CASH BALANCE PLAN, formerly known as Bell Atlantic Cash Balance Plan, formerly known as Bell Atlantic Management Pension Plan, and VERIZON COMMUNICATIONS, INC., as successor in interest to Bell Atlantic Corporation,** | ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Cynthia N. Young ("Plaintiff"), in an ERISA class action suit, alleges that Defendants Verizon's Bell Atlantic Cash Balance Plan and Verizon Communications Inc. (collectively "Defendants") calculated her pension benefits, and those of others similarly situated, using an improper formula. Before the Court is Plaintiff's motion to compel discovery. The discovery relates to Defendants' affirmative and equitable defenses, as well as Plaintiff's allegations set forth in her complaint. The Court held oral argument on November 28, 2007. For the following reasons and as stated in open court, the Court denies in part and grants in part Plaintiff's motion.

## I. BACKGROUND FACTS

The history and facts of this case are extensive and, given the current procedural posture of the case, not yet fully before the Court. The Court provides as background only what is necessary to decide the present motion.

### A. Plan History

Plaintiff represents a class of former Bell Atlantic and Verizon employees suing Defendants for their pension benefits, pursuant to the Bell Atlantic Cash Balance Plan, which later became the Verizon Cash Balance Plan ("Plan"). The Plan began as a "traditional" defined-benefit pension plan known as the Bell Atlantic Management Pension Plan ("BAMPP"). On December 31, 1995, Bell Atlantic converted the BAMPP into the Plan. To implement the transition to the new Plan, Bell Atlantic converted each Management Pension Plan participant's accrued benefit - expressed as a monthly annuity commencing at age 65 - to a lump sum "opening balance" in the Plan. Bell Atlantic accomplished this conversion by 1) calculating the lump-sum "cashout value" of each participant's Management Pension Plan benefit, and 2) multiplying that lump sum by a "transition factor" specified in the Plan.

Plaintiff asserts that the terms of Section 16.5.1(a)(2) of two versions of the Plan (adopted in 1996 and 1997) required Bell Atlantic to multiply the cashout value by the square of her "transition factor" multiplier to calculate her "opening balance." Defendants, however, have used the transition factor only once in all pension calculations.[1]

---

[1] This is the "Transition Factor" issue.

Plaintiff initially sought additional benefits based on her transition factor claim, but the Verizon Claims Review Committee denied her claim. The Committee determined that although Section 16.5.1(a)(2) provides for application of the transition factor twice, this reference is a drafting error. It concluded that Bell Atlantic properly calculated Plaintiff's "opening balance" using a single application of her "transition factor" multiplier. Plaintiff objects to this application, along with other issues in her complaint. Among affirmative and equitable defenses, Defendants assert scrivener's error and request the equitable relief of reformation.

**B.     Discovery History**

The Court previously considered the scope of discovery. In its July 30, 2007 Order, the Court held that Plaintiff could conduct limited discovery into the drafting history and facts directly related to the transition factor provision to properly assess Defendants' argument that the provision contained a scrivener's error. *Young v. Verizon's Bell Atlantic Cash Balance Plan,* 498 F. Supp. 2d 1101, 1107 (N.D. Ill. 2007). The Court also denied Defendants' request to delay discovery on the scrivener's error defense. *Id.* at 1108. The Court denied this request "so that all aspects of the merits of the case [would] be before the Court at one time for decision." *Id.* Although the Court denied Plaintiff's request for certain information regarding Defendants' defense of equitable reformation, the Court did so based on the fact that the issue was not fully presented by the parties. *Id.* The Court stated it would consider the issue once a fuller presentation by the parties was brought forth. *Id.*

Since the Court's Order, Plaintiff served Defendants with a second request for

production of documents and interrogatories. In her requests and interrogatories, Plaintiff seeks discovery on Defendants' defenses of reformation, unilateral mistake and lack of authority, in addition to issues regarding insurance and damages, Defendants' retention and destruction policies, and Defendants' fact witnesses. On September 10, 2007, Defendants answered and objected to all of Plaintiff's requests and interrogatories. As a result, Plaintiff has now filed a motion to compel Defendants to produce all of the requested documents and to meaningfully answer its interrogatories.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure allow broad discovery. Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) states that the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . [and is of] discoverable matter." *Id.* Relevant information encompasses "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Greater Rockford Energy & Tech. Corp. v. Shell Oil Co.*, 138 F.R.D. 530, 534 (C.D. Ill. 1991)(quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). The information sought "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Even if relevant, discovery will not be allowed if the requesting party fails to show need for the information, or if compliance with the request is unduly burdensome or oppressive, or where the harm of disclosure outweighs the need for the information. Fed. R. Civ. P. 26(b)(2)(C).

## III. DISCUSSION

Plaintiff has served Defendants with 35 requests for production of documents and 29 interrogatories. Nine of these requests and 15 of the interrogatories are not mentioned in Plaintiff's motion. Thus, the Court assumes these document requests and interrogatories are not included in this motion.[2] As to the remaining requests for discovery, the Court finds that except as directed or agreed to in the oral argument, Defendants have conducted a reasonable search of all of the requested information. The Court further finds that Defendants have sufficiently responded to all of Plaintiff's discovery requests through the production of over 40,000 pages of documents, or are in the process of doing so.

**A.     Defendants have conducted a reasonable search for the requested documents.**

Beyond Plaintiff's counsel's declaration, Plaintiff has provided the Court with no further evidence to support a concern that Defendants' counsel have not conducted a reasonable search for the documents. Moreover, Defendants' counsel stated that he had only declined to conduct a search for those document requests he felt were overbroad or irrelevant, a statement that is supported by his answer to Plaintiff's requests. Absent additional support for Plaintiff's assertion, the Court accepts Defendants' assertion that they have conducted a reasonable search for the relevant discovery requests.

The Court makes the following rulings on the various categories of Plaintiff's remaining 26 requests and 14 interrogatories:

**B.     Defendant's Equitable and Affirmative Defenses**

---

[2]Requests for production Nos. 1, 4, 9, 17-19, 24, 33, and 35 and Interrogatories 3, 5-6, 10, 12-18, 21-23 and 28 are not mentioned in Plaintiff's motion to compel.

1. **Defendants have sufficiently produced documents related to their equitable defense of reformation and the requirement of undue delay (Request for Production Nos. 5, 7, 8, 13, 16, 20-21, 25-27, and 29 and Interrogatories 4, 19, 20, 25, and 26).**

Plaintiff argues that in order to succeed on their reformation defense, Defendants will have to prove they acted reasonably promptly to both discover the mistake and alert the plan participants of the mistake and Defendants' intention to not abide by it. Plaintiff argues that they are entitled to discovery of any relevant information regarding these facts. Defendants do not dispute that Plaintiff is entitled to this information. Rather, Defendants argue that only two of Plaintiff's discovery requests relate to this issue, and they have sufficiently responded to these requests.

Defendants argue that Request No. 29 and Interrogatory No. 26 are the only two discovery requests that relate to this "undue delay" claim. Moreover, they assert that Verizon's factual investigation has not yet uncovered the type of information that Plaintiff seeks, i.e., whether anyone noticed the ambiguous language relating to the transition factor provision prior to Plaintiff's submission of her administrative claim. If they do learn of any earlier discovery of the ambiguous provision, Defendants agree to supplement its response accordingly, and have already provided Plaintiff with certain documents regarding this document request. Accepting that Defendants have diligently searched for such materials, because they cannot produce what they do not have, the Court finds Defendants have sufficiently responded to these discovery requests, and thus Plaintiff's motion to compel as to Request No. 29 and Interrogatory No. 26 are denied.

Furthermore, Defendants argue that the remaining document requests and

interrogatories in this category, i.e., information regarding the changes to the new Plan, financial statements relating to the Plan, and correspondence regarding the Plan, do not relate to the "undue delay" issue. Nevertheless, Defendants assert they have produced each draft and final version of the Plan, which contain all of the information necessary to determine when and how the ambiguous language first appeared in the Plan, and when that provision first reflected language that it no longer incorporated the ambiguity. Without any evidence to the contrary, the Court finds the information Defendants have produced to be sufficient and accordingly denies Plaintiff's motion to compel this category of documents.

> **2.    Defendants have produced documents related to their reformation defense and the burden of showing an unconscionable hardship of performance (Request for Production Nos. 3, 5-8, 13, 20, 21, 25-27, 28, 30, and 32 and Interrogatories 4, 24, 27, and 29), and agree to produce additional documents to sufficiently comply with these requests.**

Plaintiff also argues that, as part of their reformation defense, Defendants will have to prove that without reformation, they will be faced with an "unconscionable" hardship. Defendants, however, dispute that such a standard is required for ERISA cases.

Nevertheless, Defendants assert they have produced substantial discovery regarding the financial implications of Plaintiff's transition factor claim and any hardship it would create for Defendants. They also assert that Verizon is working with the Plan's benefits administrator to generate an estimate of the aggregate impact of Plaintiff's claims on participants' opening balances in the Plan, and will subsequently produce such information when it becomes available. In addition, Defendants agree to produce documents indicating how much the plan was over funded. The Court finds Defendants' efforts sufficient, and thus

grants Plaintiff's motion to compel those discovery requests that Defendants have agreed to produce, and denies Plaintiff's motion to compel to the extent it requires Defendants to produce more than what they already agreed to produce.

> **3. Defendant have sufficiently produced documents related to their degree of negligence regarding their claim of mistake (Requests for Production Nos. 3, 5, 7-8, 13, 16, 20-23, 25-27, 29, 31 and 34 and Interrogatories 4, 19, 20, and 25-26).**

Additionally, Plaintiff argues that if Defendants succeed in their claim that the second reference to the transition factor is a mistake, then they are guilty of negligence. According to Plaintiff, whether such negligence bars Defendants from obtaining equitable relief depends on the degree of negligence. Accordingly, Plaintiff requests the documents and interrogatories in this category in order to discover Defendants' degree of negligence, such as discovery regarding the drafting process, the review process, any safeguards put in place, and who reviewed and who approved the insertion of the second transition factor.

Although Defendants do not assert in their answer that they have produced all of the documents and interrogatory answers in this category, they argue that they have provided Plaintiff with all of the information they have related to this issue. They assert they have provided Plaintiff with thousands of pages of documents relating to the drafting, review and adoption of the Plan, including every participant correspondence relating to the Plan and the calculation of participants' opening balance. They also assert they have provided Plaintiff with the names of those individuals involved in the drafting, and have made them available to Plaintiff for deposition. Plaintiff has failed to articulate her need for additional information beyond what Defendants have produced or agreed to produce. Thus, her motion

to compel this category of documents is denied.

> 4. **Defendants have sufficiently produced documents regarding their defense of lack of authority (Requests for Production Nos. 2, 10-12, 20-21, 25, and 34 and Interrogatories 19 and 20).**

Defendants have also pled the affirmative defense of lack of authority, arguing that the final version of Section 16.5.1(a)(2) was never officially "approved" by Bell Atlantic Corp., and is therefore void. Thus, Plaintiff requests discovery of this category of documents and interrogatories regarding the issue of authority to properly refute this defense. Defendants assert they have produced all relevant evidence responsive to this issue. They state they have produced evidence regarding protocols and authority for the Management Pension Plan and Cash Balance Plan, including information setting forth the procedures for plan amendment and identifying the entities with authority to amend the plan. Finding Defendants have produced sufficient information regarding this category, the motion to compel this category of documents is denied.

C. **Documents Related to Damages and Insurance for Plaintiff's Case**

> 1. **Defendants have sufficiently responded to Plaintiff's request for documents related to their insurance policies (Request for Production No. 14 and Interrogatory No. 7).**

In addition to information regarding Defendants' affirmative and equitable defenses, Plaintiff requests the production of any applicable insurance policies or information that might cover the allegations in Plaintiff's complaint. Defendants assert, however, that no applicable insurance policies exist for them to produce, and have informed Plaintiff of this fact. Because Defendants cannot produce what they do not have, the motion to compel this

category of documents is denied.

2. **Defendants have sufficiently produced documents related to Plaintiff's potential damages (Request for Production No. 32 and Interrogatories 24 and 29).**

Plaintiff also seeks the production of documents related to the identity and contact information of the Class and the damages they might have suffered. Plaintiff asserts that she needs such information in order to evaluate the merits or worth of the case for purposes of tendering a settlement demand or evaluating any settlement offer. Defendants argue that such requests are facially overbroad, and would impose an undue burden on Verizon prior to an adverse merits decision. Because the Court has not bifurcated the issues of liability and damages in this case, it will require Defendants to produce any and all relevant information related to this issue that does not impose an undue burden, regardless of whether an adverse merits decision has not yet occurred.

Defendants continue to assert, however, that Plaintiff's request creates an undue burden. Defendants do not simply make a boilerplate claim that such a request creates an undue burden. *See Roesberg v. Johns-Manville Corp.,* 85 F.R.D. 292, 296 (E.D. Pa. 1980) (holding that parties must go beyond stating that a request is "unduly burdensome" and instead specifically show how that request is "overly broad, burdensome or oppressive"). Rather, Defendants assert in their brief support for their contention that such a request creates an undue burden by stating facts regarding the necessary steps to gather such information and the time and effort it would take.

Nevertheless, Defendants are willing to provide Plaintiff's counsel with reasonable

benefit calculations consistent with the early procedural stage of this litigation, and are working with Hewitt Associates, the Plan's benefit administrator, to generate aggregate estimates of the increase in participants' December 1995 opening balances in the Cash Balance Plan under each of Plaintiff's proposed interpretations, and will produce such information to Plaintiff upon its completion. Finding that Plaintiff's request would create an undue burden on Defendants, and that a reasonable, less burdensome alternative exists to produce the requested discovery, the Court denies Plaintiff's motion to compel this category of requests, to the extent that the requests would require Defendants to do more than they have already expressed they are willing to do.

**D.  Defendants have sufficiently responded to Plaintiff's requests for Defendants' retention and destruction policies (Requests for Production Nos. 15, 21 and 25 and Interrogatory 25).**

Plaintiff also requests any applicable document retention and destruction policies. Defendants, however, assert that Verizon has produced all relevant policies for both Verizon and Bell Atlantic. The Court accepts Defendants' assertion, and thus the motion to compel this category of documents is denied.

Plaintiff also seeks to compel Defendants to identify "each document or class of documents or evidence related to the [Cash Balance conversion] that has been lost, stolen, mislaid, or destroyed since 1997." Defendants argue this request is overbroad and unduly burdensome, particularly given that Plaintiff does not contend that Verizon may have destroyed any potentially relevant documents either outside of the boundaries of its standard retention policy, or during the pendency of this litigation. The Court agrees with Defendants.

11

Therefore, the motion to compel this category of requests is also denied.

**E.    Defendants have sufficiently produced information on fact witnesses (Interrogatories 1-2, 8-9, and 11).**

Finally, Plaintiff requests Defendants to provide specific information regarding the parties involved in the drafting of Section 16.5.1(a)(2) and their responsibilities in the drafting process. Defendants assert they have satisfied its discovery obligation to these interrogatories under the Court's July 30 order and the Federal Rules, by identifying the primary employees and third-party entities responsible for the conversion and Plan, as well as by identifying folders of documents naming additional Bell Atlantic and third-party employees relevant to the litigation. The Court finds Defendants have sufficiently responded to Plaintiff's request, and thus the Court denies the motion to compel this category of requests.

## IV. CONCLUSION

Defendants have made a reasonable search for the requested documents, and have produced those documents they have discovered. Defendants cannot produce what they do not have, nor should they be required to conduct additional searches where is there is no

reasonable basis for doing so. Thus, for the reasons set forth in this opinion and as stated in open court, **Plaintiff's motion to compel is denied in part and granted in part.**

**SO ORDERED THIS 3rd DAY OF DECEMBER, 2007.**

_____
**MORTON DENLOW
UNITED STATES MAGISTRATE JUDGE**

**Copies sent to:**

Matthew Thomas Heffner
Matthew Todd Hurst
Arthur T. Susman
Susman Heffner & Hurst LLP
Two First National Plaza
Suite 600

Chicago, IL 60603

Counsel for Plaintiff

Allen Channon Engerman
Law Offices of Allen C. Engerman, P.A.

4800 North Federal Highway
Suite 300-D
Boca Raton, FL 33431

Counsel for Plaintiff

Jeffrey Cahn Engerman
Law Offices of Jeffrey C. Engerman, PC
12400 Wilshire Boulevard
Suite 1500
Los Angeles, CA 90025

Counsel for Plaintiff

Abigail A. Clapp
James G. Richmond
Greenberg Traurig, LLP
77 West Wacker Drive
Suite 2500
Chicago, IL 60601

Counsel for Defendant

Frederick G. Sandstrom
Jeffrey Huvelle
Covington & Burling
1201 Pennsylvania Ave., NW
Washington, DC 20004

Counsel for Defendants