**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CYNTHIA N. YOUNG, On behalf of herself, and others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | 05 C 7314 |
| ) | CLASS ACTION |
| VERIZON'S BELL ATLANTIC CASH ) BALANCE PLAN, formerly known as Bell ) Atlantic Cash Balance Plan, formerly known as ) Bell Atlantic Management Pension Plan, and ) VERIZON COMMUNICATIONS INC., as ) successor in interest to Bell Atlantic Corporation, ) ) | Magistrate Judge Denlow |
| Defendants. ) ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS**

Defendants Verizon's Bell Atlantic Cash
Balance Plan and Verizon Communications Inc.

Jeffrey G. Huvelle (admitted *pro hac vice*)
Frederick G. Sandstrom (6278816)
Covington & Burling LLP
1201 Pennsylvania Ave., N.W.
Washington, DC 20004
Tel. (202) 662-6000
Fax (202) 662-6291

James G. Richmond (620637)
Abigail A. Clapp (6269540)
Greenberg Traurig, LLP
77 West Wacker Drive, Ste. 2500
Chicago, IL 60601
Tel. (312) 456-8400
Fax (312) 456-8435

Dated: April 22, 2010

## <u>TABLE OF CONTENTS</u>

I.   Plaintiff Was Not the "Prevailing Party" in this Litigation. ................................................. 2

   A.   Only "Prevailing Parties" May Obtain Attorney's Fees Under § 502(g)(1)........... 2

   B.   Plaintiff Was Not the "Prevailing Party" in this Litigation. ................................. 5

   C.   It Is Unlikely *Hardt* Will Affect the Court's Analysis. ......................................... 8

II.   Verizon's Litigation Position was "Substantially Justified."............................................. 9

   A.   Verizon's Successful Opposition to Plaintiff's Claims was "Substantially Justified." ................................................................................................................. 9

   B.   Plaintiff's Five-Factor Test Also Does Not Support a Fee Award. ...................... 11

III.   Plaintiff Is Not Entitled to Attorney's Fees under Trust Law or Equity........................... 13

   A.   Plaintiff Was Not "Defending the Trust" Against Reformation........................... 13

   B.   Plaintiff Did Not Obtain a "Common Benefit."................................................... 14

CONCLUSION ................................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*B + B Elec. Co v. Elec. Workers Local Union No. 369 Ret. Fund*, 249 F. Supp. 2d 865 (W.D. Ky. 2003) ............................................................................................13

*Bittner v. Sadoff & Rudoy Indus.*, 728 F.2d 820 (7th Cir. 1984) .......................................... *passim*

*Central States, S.E. & S.W. Areas Pension Fund v. Hunt Truck Lines, Inc.*, 272 F.3d 1000 (7th Cir. 2001) ....................................................................................12

*Clarke v. Ford Motor Co.*, No. 01-C-0961, 2006 U.S. Dist. LEXIS 23918 (E.D. Wis. Mar. 21, 2006) ........................................................................................10

*Commissioner, INS v. Jean*, 496 U.S. 154 (1990) ........................................................10

*Conkright v. Frommert*, --- U.S. ---, 2010 U.S. LEXIS 3479 (Apr. 21, 2010) ........................2, 12

*Dardovitch v. Haltzman*, 190 F.3d 125 (3d Cir. 1999) ....................................................14

*Eddy v. Colonial Life Insurance Co.*, 59 F.3d 201 (D.C. Cir. 1995) ................................................7

*Farrar v. Hobby*, 506 U.S. 103 (1992) ..........................................................................5, 6

*Firestone Tire & Rubber Co. v. Neusser*, 810 F.2d 550 (6th Cir. 1987) .......................................11

*Flanagan v. Inland Empire Elec. Workers Pension Plan & Trust*, 3 F.3d 1246 (9th Cir. 1993) .......................................................................................8

*Foltice v. Guardsman Prods., Inc.*, 98 F.3d 933 (6th Cir. 1996) ..........................................12

*Ford v. Uniroyal Pension Plan*, 154 F.3d 613 (6th Cir. 1998) ....................................13

*Freeman v. Cont'l Ins. Co.*, 996 F.2d 1116 (11th Cir. 1993) ........................................13

*Fritcher v. Health Care Serv. Corp.*, 301 F.3d 811 (7th Cir. 2002) ..........................................2

*Gaffney v. Riverboat Servs.*, 451 F.3d 424 (7th Cir. 2006)..........................................14

*Gibbs v. Gibbs*, 210 F.3d 491 (5th Cir. 2000)..........................................................8

*Greenwood v. Wissahickon Sch. Dist.*, No. 04-3880, 2009 U.S. Dist. LEXIS 41247 (E.D. Pa. May 15, 2009) ..............................................................................8

*Hall v. Cole*, 412 U.S. 1 (1973) ..........................................................................14

*Harris Trust & Sav. Bank v. Salomon Smith Barney Inc.*, 530 U.S. 238 (2000)..........................13

*Henderson v. Unum Life Ins. Co.*, 736 F. Supp. 100 (D.S.C. 1989), *aff'd without opinion*, 900 F.2d 252 (4th Cir. 1990) ...................................................................................12

*Hess v. Reg-Ellen Mach. Tool Corp.*, No. 09-3394, 2010 U.S. App. LEXIS 5059 (7th Cir. Mar. 3, 2010) ............................................................................................................2

*Hewitt v. Helms*, 482 U.S. 755 (1987) ...................................................................................6

*Hooper v. Demco, Inc.*, 37 F.3d 287 (7th Cir. 1994) .........................................................3, 5

*Jackson v. Chater*, 94 F.3d 274 (7th Cir. 1996)...................................................................10

*Janowski v. International Brotherhood of Teamsters Local No. 710 Pension Fund*, 812 F.2d 295 (7th Cir. 1987) ..................................................................................................3

*Kickham Hanley, P.C. v. Kodak Ret. Income Plan*, 558 F.3d 204 (2d Cir. 2009)........................15

*King v. Illinois State Board of Elections*, 410 F.3d 404 (7th Cir. 2005)...................................6, 7

*Lane v. Apfel*, No. 99 C 2640, 2001 U.S. Dist. LEXIS 6387 (N.D. Ill. May 16, 2001) ...................................................................................................................................10

*Little v. Cox's Supermarkets*, 71 F.3d 637 (7th Cir. 1995) ...................................................3

*Marcus v. Shalala*, 17 F.3d 1033 (7th Cir. 1994) ...............................................................10

*Marquardt v. North American Car Corp.*, 652 F.2d 715 (7th Cir. 1981).....................................4

*Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985)................................................14

*Mazet v. Halliburton Co. LTD Plan*, No. CV-04-0493-PHX-FJM, 2009 U.S. Dist. LEXIS 35985 (D. Ariz. Apr. 9, 2009) .....................................................................................11

*McPherson v. Employees' Pension Plan*, 33 F.3d 253 (3d Cir. 1994) ...........................................13

*Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375 (1970)..................................................................15

*Nichol v. Pullman Standard, Inc.*, 889 F.2d 115 (7th Cir. 1989)................................................9

*Orth v. Wisconsin State Employees Union*, 546 F.3d 868 (7th Cir. 2008) .................................11

*Orth v. Wisconsin State Employees Union*, No. 07-C-149, 2007 U.S. Dist. LEXIS 50561 (E.D. Wis. July 11, 2007) ...........................................................................................11

*Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975 (7th Cir. 1999)......................................................................................................................3

*Postma v. Paul Revere Life Ins. Co.*, 223 F.3d 533 (7th Cir. 2000) ...........................................2

*Poteete v. Capital Eng'g, Inc.*, 185 F.3d 804 (7th Cir. 1999)........................................2, 5

*Quinn v. Blue Cross & Blue Shield Ass'n*, 161 F.3d 472 (7th Cir. 1998)....................2, 9

*Rhodes v. Stewart*, 488 U.S. 1 (1988) ..............................................................................6

*Risteen v. Youth for Understanding, Inc.*, No. 02-0709 (JDB), 2003 WL 22011766
    (D.D.C. Aug. 19, 2003)..............................................................................................7

*Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132 (4th Cir. 1993)...........................11

*Rodriguez v. MEBA Pension Trust*, 956 F.2d 468 (4th Cir. 1992) ................................13

*Ruckelshaus v. Sierra Club*, 463 U.S. 680 (1983) ...........................................................4

*Sierra Club v. City of Little Rock*, 351 F.3d 840 (8th Cir. 2003).....................................6

*Slade v. United States Postal Service*, 952 F.2d 357 (10th Cir. 1991) ............................6

*Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161 (1939) ....................................................14

*Sullivan v. William A. Randolph, Inc.*, 504 F.3d 665 (7th Cir. 2007)................9, 11, 12

*Sunder v. U.S. Bank Pension Plan*, No. 05-1153, 2008 WL 2952764 (E.D. Mo.
    July 30, 2008)..............................................................................................................7

*Telegraph Savs. & Loan Ass'n v. Schilling*, 807 F.2d 590 (7th Cir. 1986) ............1, 2, 9

*Tesch v. Gen. Motors Corp.*, 937 F.2d 359 (7th Cir. 1991).......................................2, 11

*Trustmark Life Insurance Co. v. University of Chicago Hospitals*, 207 F.3d 876
    (7th Cir. 2000)............................................................................................................3

*United States v. Elliott*, 467 F.3d 688 (7th Cir. 2006) ...................................................4

## FEDERAL STATUTES AND REGULATIONS

Clean Air Act § 307(f), 42 U.S.C. § 7607(f) ...................................................................4

ERISA § 206(d)(1), 29 U.S.C. § 1056(d)(1)...................................................................15

ERISA § 409(a), 29 U.S.C. § 1109(a) ............................................................................14

ERISA § 502(a)(2), 29 U.S.C. §1132(a)(2) ...................................................................14

ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1)....................................................... *passim*

28 U.S.C. § 2412(d)(1)(A)..............................................................................................10

## OTHER AUTHORITIES

Uniform Trust Code § 1004...........................................................................................................14

Plaintiff "is contending for a reading of the statute under which losing plaintiffs would routinely recover their attorney's fees from winning defendants. So startling a reversal of the rules of the game should not be lightly imputed to Congress." *Telegraph Savs. & Loan Ass'n v. Schilling*, 807 F.2d 590, 593 (7th Cir. 1986). Plaintiff's argument that Verizon, as the prevailing party in this litigation, should be forced to pay her attorney's fees is, in the words of the Seventh Circuit, "grotesque." *Id*.

Plaintiff grudgingly concedes she was the losing party and that she did not recover any benefit for her class of nearly 14,000 Bell Atlantic Cash Balance Plan ("Plan") participants. *See* Pl.'s Mem. Supp. Mot. Att'y Fees & Costs ("Pl.'s Mem.") at 1 ("At this juncture, Plaintiffs have not *yet* recovered any money in this lawsuit.") (emphasis added); *id.* at 16 ("Verizon was successful in obtaining reformation"). Nevertheless, she asks the Court to cast aside precedent and award nearly $4 million in attorney's fees under ERISA § 502(g)(1) and the common law of trusts. She asserts that a fee award is permissible because "employees should be encouraged to ask courts" to resolve even unmeritorious ERISA claims by "allowing the employee's attorneys to recover from the Plan." *Id.* at 23.

Plaintiff's argument fails because she was not the "prevailing party" and because Verizon's successful opposition to her claims was "substantially justified." Furthermore, the Court should not "encourage" this type of litigation through a fee award. Despite counsel's suggestion, plaintiff and her class were never "uncertain about their future retirement income." *Id.* The transition factor claim was lawyer-driven. Neither plaintiff nor any class member expected to receive the windfall benefit sought by her attorneys, and no participant ever sought to enforce the scrivener's error in the Plan's opening balance formula. An award of attorney's fees would only encourage lawyers to step forward with unmeritorious claims, to the detriment

of both plan participants and plan sponsors. *See Conkright v. Frommert*, --- U.S. ---, 2010 U.S. LEXIS 3479, at *20 (Apr. 21, 2010) ("Congress sought to create a system that is [not] so complex that administrative costs, or litigation expenses, unduly discourage employers from offering [ERISA] plans in the first place.") (quotation omitted; alterations in original). *See also Schilling*, 807 F.2d at 593-94 ("This is not what Congress had in mind when it enacted the fee-shifting statute. It meant to lighten the burden of meritorious litigation to the winner.").

## I. Plaintiff Was Not The "Prevailing Party" In This Litigation.

### A. Only "Prevailing Parties" May Obtain Attorney's Fees Under § 502(g)(1).

The Seventh Circuit has affirmed repeatedly that only the "prevailing party" in an ERISA case may obtain attorney's fees under § 502(g)(1). *See* Defs.' Opp. at 3 (collecting cases). *See also*, *e.g.*, *Poteete v. Capital Eng'g, Inc.*, 185 F.3d 804, 807-08 (7th Cir. 1999) ("The statutes and common law principles that sometimes entitle a party to recover his attorneys' fees limit that entitlement to prevailing parties, *see*, *e.g.*, 29 U.S.C. § 1132(g)(1)[.]"); *Quinn v. Blue Cross & Blue Shield Ass'n*, 161 F.3d 472, 478 (7th Cir. 1998) ("This circuit has recognized two processes for analyzing whether attorney's fees should be awarded to a party in an ERISA case *after it has attained 'prevailing party' status*.") (emphasis added); *Tesch v. Gen. Motors Corp.*, 937 F.2d 359, 362 (7th Cir. 1991) ("[ERISA] *entitles a prevailing party* to reasonable attorney's fees unless the court finds that the position of the losing party was 'substantially justified' or that special circumstances make an award unjust.") (emphasis added).[1] Conversely, only the "losing

---

[1] *Accord*, *e.g.*, *Hess v. Reg-Ellen Mach. Tool Corp.*, No. 09-3394, 2010 U.S. App. LEXIS 5059, at *3 (7th Cir. Mar. 3, 2010) ("ERISA authorizes the award of reasonable attorneys' fees to the prevailing party[.]"); *Fritcher v. Health Care Serv. Corp.*, 301 F.3d 811, 819 (7th Cir. 2002) ("This circuit has recognized two tests for analyzing whether attorney's fees should be awarded to a 'prevailing party' in an ERISA case."); *Postma v. Paul Revere Life Ins. Co.*, 223 F.3d 533, 542 (7th Cir. 2000) ("Having determined that the plaintiff's action was governed by ERISA, the (continued…)

party" in an ERISA case may be liable for attorney's fees under § 502(g)(1). *Little v. Cox's Supermarkets*, 71 F.3d 637, 644 (7th Cir. 1995) ("We have stated that whichever approach is used, the 'bottom-line question' is the same: was *the losing party's position* substantially justified and taken in good faith, or was that party simply out to harass its opponent?") (emphasis added).

These clear statements are not, as plaintiff suggests, simply dicta. *See* Pl.'s Mem. at 5. The Seventh Circuit has consistently reversed ERISA § 502(g)(1) attorney's fee awards when the "prevailing party" standard is not satisfied. Thus, in *Trustmark Life Insurance Co. v. University of Chicago Hospitals*, 207 F.3d 876 (7th Cir. 2000), the court of appeals reversed judgment for the plaintiff on an ERISA § 502(a)(3) restitution claim and also reversed the district court's § 502(g)(1) fee award: "Our decision to reverse the district court's judgment means that Trustmark is no longer a prevailing party, and, therefore, is no longer entitled to an award of attorney's fees." *Id.* at 884. *See also Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975, 983 (7th Cir. 1999) ("Because the district judge should have rejected Perlman's challenge to [the administrator's] decision, Perlman is not entitled to attorneys' fees."). Similarly, in *Janowski v. International Brotherhood of Teamsters Local No. 710 Pension Fund*, 812 F.2d 295 (7th Cir. 1987), the Seventh Circuit reversed an award of § 502(g)(1) attorney's fees where the "defendants ultimately prevailed on every substantive challenge to the Plan." *Id.* at 295-96 ("We hold that plaintiffs are not 'the prevailing parties' in this litigation and therefore reverse the district court's award of attorneys' fees and costs.").

---

district court correctly acknowledged that it had discretion to award attorneys' fees to the prevailing party."); *Hooper v. Demco, Inc.*, 37 F.3d 287, 291-92 (7th Cir. 1994) ("To encourage aggrieved parties to seek redress under ERISA, the statute gives the trial court discretion to award attorney's fees to a prevailing party.").

In response, plaintiff cites only a single, 30 year-old decision. *See* Pl.'s Mem. at 5-6. In *Marquardt v. North American Car Corp.*, the Seventh Circuit stated in dicta that "[t]here is no requirement that a party must 'prevail' in order to receive an award pursuant to § 1132(g)." *See* 652 F.2d 715, 718 n.2 (7th Cir. 1981). Plaintiff asserts that this statement must be binding law and posits that if it was not, the Seventh Circuit "would discuss the issue, or at least mention it." Pl.'s Mem. at 6. Dictum, of course, does not create precedent. *See United States v. Elliott*, 467 F.3d 688, 690 (7th Cir. 2006). More importantly, the Seventh Circuit *has* explained with precision and clarity why its statement in *Marquardt* was incorrect.

Two years after *Marquardt*, the Supreme Court decided *Ruckelshaus v. Sierra Club*, 463 U.S. 680 (1983), which interpreted the attorney's fee provision in § 307(f) of the Clean Air Act, 42 U.S.C. § 7607(f). Section 307(f) authorized a court to award fees "whenever it determines that such award is appropriate," without reference to prevailing party status. Nevertheless, the Supreme Court rejected the argument that a non-prevailing party could obtain attorney's fees under § 307(f): "Before we will conclude Congress abandoned th[e] established principle that a successful party need not pay its unsuccessful adversary's fees – rooted as it is in intuitive notions of fairness and widely manifested in numerous different contexts – a clear showing that this result was intended is required." *Ruckelshaus*, 463 U.S. at 685. The Clean Air Act's statutory silence did not provide the necessary "clear showing." *Id.* at 685-86.

Less than one year later, the Seventh Circuit explained that "[a]fter *Ruckelshaus v. Sierra Club*, it would be an abuse of discretion for the district court to award attorney's fees to a losing party, even though section 1132(g)(1) does not in so many words confine awards of attorney's fees to winners, as the Civil Rights Attorney's Fees Awards Act does." *Bittner v. Sadoff & Rudoy Indus.*, 728 F.2d 820, 829 (7th Cir. 1984) (citation omitted). Following *Ruckelshaus* and

*Bittner*, the Seventh Circuit has held without exception that only a prevailing party may obtain attorney's fees under § 502(g)(1). *See, e.g., Hooper v. Demco, Inc.*, 37 F.3d 287, 294 (7th Cir. 1994) ("[T]he *Bittner* standard entitles the *prevailing party* to reasonable attorney's fees unless the court finds that the position of the [defendant] was substantially justified or that special circumstances make an award unjust.") (emphasis added; quotation omitted).

**B.    Plaintiff Was Not the "Prevailing Party."**

Plaintiff was not the "prevailing party" in this litigation because she did not achieve any "meaningful relief," *Poteete*, 185 F.3d at 807, or a "material alteration of the legal relationship between the parties," *Farrar v. Hobby*, 506 U.S. 103, 111-13 (1992). *See also* Defs.' Opp. at 3-6. Plaintiff challenged the plan administrator's determination that she was not entitled to additional pension benefits under her discount rate and transition factor theories. Plaintiff lost her challenge. The Court's final judgment affirmed that plaintiff and her class were "not entitled to any additional Plan benefit distributions by reason of this litigation." Dkt. 190 at 104.

Plaintiff's argument that she "successfully obtain[ed] declaratory relief" on the transition factor issue is a red herring. *See* Pl.'s Mem. at 13-14. Count IV of the Complaint sought to compel Verizon to multiply "the applicable Transition Factor described in Table 1 of Section 16 **twice** when determining Ms. Young's and the Class members' opening balances in the Cash Balance Plan as of the Transition Date." *See* Dkt. 64-2, ¶ 95. The Court did not grant this relief. The Complaint's Prayer for Relief sought "an order voiding all Cash Balance Plan amendments that . . . changed the calculation of Opening Balances pursuant to Section 16.5.1(a)(2) of the Initial and 1997 Cash Balance Plan from using the applicable Transition Factor once instead of twice." *Id.*, Prayer for Relief, ¶ (C). The Court did not grant this relief, or *any* of the injunctive relief sought in the Complaint. Instead, the Court reformed the Plan, as Verizon requested.

A declaratory judgment cannot confer prevailing party status unless the declaration actually "affects the behavior of the defendant toward the plaintiff." *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988) ("A declaratory judgment, in this respect, is no different from any other judgment."). The federal courts have held without exception that a judicial declaration that does not award meaningful relief also does not support an attorney's fee award under a fee-shifting statute. *See*, *e.g.*, *Hewitt v. Helms*, 482 U.S. 755, 760-62 (1987) (declaration that defendants violated plaintiff's constitutional rights did not confer prevailing party status where plaintiff "obtained nothing" beyond "the moral satisfaction of knowing that a federal court concluded that his rights had been violated"); *Sierra Club v. City of Little Rock*, 351 F.3d 840, 845 (8th Cir. 2003) ("Although the district court granted summary judgment in Sierra Club's favor, all Sierra Club received was a declaration that the City had violated its permit. The court declined to grant any of the relief that Sierra Club sought[.]"); *Slade v. United States Postal Service*, 952 F.2d 357, 362 (10th Cir. 1991) ("Plaintiff maintains that he is a prevailing party because he obtained the right to be evaluated by the USPS based on nondiscriminatory criteria. Plaintiff's success, however, was purely technical.").

Plaintiff does not address the substantial authority confirming that "technical or *de minimis*" success in the Court's "stage one" proceeding cannot transform her from the losing party to the prevailing party in this litigation. *See Farrar*, 506 U.S. at 117 (O'Connor, J., concurring). *See also* Defs.' Opp. at 3-6 (discussing cases). Plaintiff's cited authorities do not contradict this clear precedent. Thus, in *King v. Illinois State Board of Elections*, 410 F.3d 404 (7th Cir. 2005) (Pl.'s Mem. at 13), the Seventh Circuit held that intervening defendants were the prevailing parties in a voting rights suit where they "achieved the benefit they sought when they intervened in the litigation" – a declaratory judgment preserving the boundaries of a

congressional district against a redistricting proposal. *Id.* at 414-15. In *Eddy v. Colonial Life Insurance Co.*, 59 F.3d 201 (D.C. Cir. 1995) (Pl.'s Mem. at 12), the D.C. Circuit found a "common benefit" where the district court reinstated the plaintiff in a benefit plan and awarded retroactive benefits after holding that the plan administrator breached its fiduciary duties by misinforming the plaintiff about his benefit rights. *Id.* at 202-03, 209. In stark contrast to *King* and *Eddy*, plaintiff here did not obtain the "benefit [she] sought" through this litigation.

Equally misplaced is plaintiff's speculation that her litigation might provide "substantial economic value" to plan participants because it is "less likely that Verizon employees will have to litigate their claims" for benefits. *See* Pl.'s Mem. at 12-13. Plaintiff cites no authority under any fee-shifting statute for the proposition that a losing party can obtain attorney's fees based on unsupported speculation that unsuccessful litigation may somehow benefit future litigants.

Plaintiff's argument that her litigation caused the Court to resolve "generally applicable legal questions" is entirely without merit. *See* Pl.'s Mem. at 14-15. So too do many lawsuits. Plaintiff does not identify any decision awarding attorney's fees on the grounds that a court addressed "generally applicable" legal questions, let alone resolved the vast majority of those questions against the party seeking fees.[2]

---

[2] In each of the three cases that plaintiff cites, the plaintiffs obtained meaningful relief on the merits of their claims. *See Eddy*, 59 F.3d at 202-03 ("Upon remand, the district court ruled in appellant's favor, retroactively reinstating Eddy's health insurance policy and awarding appellant the proceeds of the life insurance policy and medical costs (less premiums due)."); *Risteen v. Youth for Understanding, Inc.*, No. 02-0709 (JDB), 2003 WL 22011766, at *5 (D.D.C. Aug. 19, 2003) ("Of course, the Court ultimately ruled in Risteen's favor, and ordered YFU USA to provide Risteen COBRA continuation coverage."); *Sunder v. U.S. Bank Pension Plan*, No. 05-1153, 2008 WL 2952764, at *1 (E.D. Mo. July 30, 2008) ("The Court ordered Defendant to pay damages in the amount of $50,353.89[.]").

### C.      It Is Unlikely *Hardt* Will Affect The Court's Analysis.

There is no reason for the Court to defer consideration of plaintiff's motion pending the Supreme Court's decision in *Hardt v. Reliance Standard Life Insurance Co.*, No. 09-448 (cert. granted Jan. 15, 2010).  The primary question before the Supreme Court – whether a participant who obtains substantial additional benefits following a judicial remand to the plan administrator may also obtain a fee award under § 502(g)(1) – is not at issue in this litigation.

Plaintiff suggests that the Supreme Court might hold that § 502(g)(1) does not have a strict prevailing party requirement.  *See* Pl.'s Mem. at 4.  But neither party in *Hardt* (nor the United States as *amicus curiae*) has argued that § 502(g)(1) allows a fee award to a participant who, like plaintiff, neither wins her litigation nor obtains any substantive relief.  Even if the Supreme Court broadens the range of participants eligible to pursue a fee-shifting claim under § 502(g)(1), plaintiff would not be entitled to a fee award here.

A number of circuits do not apply a prevailing party requirement under § 502(g)(1), but no circuit has ever allowed attorney's fees to the losing party in an ERISA case.  Those circuits rejecting the prevailing party requirement insist that a participant "succeed on [some] significant issue in litigation which achieves some of the benefit . . . sought in bringing suit" in order to be eligible for a fee award.  *Flanagan v. Inland Empire Elec. Workers Pension Plan & Trust*, 3 F.3d 1246, 1253 (9th Cir. 1993) (quotation omitted).  *See also*, *e.g.*, *Gibbs v. Gibbs*, 210 F.3d 491, 504 (5th Cir. 2000) ("[T]he prevailing status of the parties is not determinative of the fee awards, though generally, a proper analysis . . . will in most instances favor an award of fees to the party which has most substantially prevailed.").  Where, as here, a plaintiff does not achieve any of the "benefit sought in bringing suit," she may not obtain attorney's fees under any legal standard. *Cf. Greenwood v. Wissahickon Sch. Dist.*, No. 04-3880, 2009 U.S. Dist. LEXIS 41247, at *2, 8-9 (E.D. Pa. May 15, 2009) (regardless of prevailing party requirement, plaintiff's success was "too

trivial to warrant an award of fees" where she "did not secure any judicial relief beyond that already awarded" in an administrative proceeding).

## II.     Verizon's Litigation Position Was "Substantially Justified."

Plaintiff's motion also fails for the additional reason that Verizon's successful opposition was "substantially justified and taken in good faith." *Quinn*, 161 F.3d at 478. Plaintiff eschews the "substantially justified" test for a vague five-factor analysis applied in other circuits. *See* Pl.'s Mem. at 6-8. But the Seventh Circuit has expressed its clear preference for the substantially justified test, emphasizing that the five-factor standard is "redundant, incomplete, and unclear," "needlessly complex," and "perhaps has outlived its usefulness." *Sullivan v. William A. Randolph, Inc.*, 504 F.3d 665, 671-72 (7th Cir. 2007).

Regardless, plaintiff cannot obtain a fee award under either standard because Verizon was not the losing party in this case. The "substantially justified" and "five-factor" tests narrow the class of *successful* ERISA litigants who may receive attorney's fees under § 502(g)(1); they do not expand that class to include *unsuccessful* plaintiffs. *See Bittner*, 728 F.2d at 829 ("it would be an abuse of discretion for the district court to award attorney's fees to a losing party"); *Schilling*, 807 F.2d at 593 (awarding attorney's fees to a losing plaintiff "would be grotesque"). "Both tests are designed to award costs and fees to the *prevailing party* where there is reason to believe that the *losing party* engaged in litigation merely to harass its opponent." *Nichol v. Pullman Standard, Inc.*, 889 F.2d 115, 122 (7th Cir. 1989) (emphases added).

### A.     Verizon's Successful Opposition To Plaintiff's Claims Was "Substantially Justified."

Verizon's litigation position was, at a minimum, "substantially justified" because Verizon defeated plaintiff's claims for additional benefits. *See* Defs.' Opp. at 7-8. The Court's final

judgment confirmed that Verizon's position was correct: "Plaintiff Class members are not entitled to any additional Plan benefit distributions by reason of this litigation." Dkt. 190 at 104.

Plaintiff's suggestion that the Court should bifurcate the substantial justification analysis between its stage one and stage two decisions is wrong. *See* Pl.'s Mem. at 17-18. The Court must "make one determination on the issue of substantial justification for the entire case." *Clarke v. Ford Motor Co.*, No. 01-C-0961, 2006 U.S. Dist. LEXIS 23918, at *5 (E.D. Wis. Mar. 21, 2006). The appropriate inquiry therefore looks to whether Verizon was substantially justified in opposing plaintiff's claims for relief as a whole, and not to whether a specific legal theory advanced by Verizon was accepted or rejected by the Court. *See, e.g.*, *Jackson v. Chater*, 94 F.3d 274, 279-80 (7th Cir. 1996) ("[B]eing incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action."); *Lane v. Apfel*, No. 99 C 2640, 2001 U.S. Dist. LEXIS 6387, at *7 n.5 (N.D. Ill. May 16, 2001) ("[T]he law in the Seventh Circuit is clear that Defendant's position encompasses the entire civil action, and not any one individual argument."). Any other rule would improperly discourage ERISA defendants from litigating the full range of potentially meritorious defenses to a plaintiff's claims. *Cf. Lane*, 2001 U.S. Dist. LEXIS 6387, at *9 ("Plaintiff incorrectly argues that, in deciding substantial justification, the Court should only consider the issue upon which the Court granted remand, and should not consider, or balance, all of the arguments made to the Court.").[3]

---

[3] The Seventh Circuit imported the substantially justified standard into ERISA from the fee-shifting provision of the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). *See Bittner*, 728 F.2d at 830. A long line of EAJA precedent confirms that the "one determination" requirement limits an attorney's fee award to those cases where the entire defense to a litigation was not substantially justified. *See, e.g.*, *Comm'r, INS v. Jean*, 496 U.S. 154, 159 (1990) ("[O]nly one threshold determination for the entire civil action is to be made."); *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994) ("However, the district court is to make only one determination for the entire civil action."). Attorney's fees are not available simply because a (continued…)

- 10 -

For this reason, plaintiff's reliance on *Orth v. Wisconsin State Employees Union*, 546 F.3d 868 (7th Cir. 2008), is inapposite. *See* Pl.'s Mem. at 17-18. In *Orth*, the Seventh Circuit affirmed a § 502(g)(1) attorney's fee award where the plaintiffs prevailed on the merits of their benefit claims and "no careful lawyer" could have adopted the defendants' contrary plan interpretation. *Orth*, 546 F.3d at 874-75. As the district court found, the entire case was "rather one-sided in the Orth's favor." *Orth v. Wisconsin State Employees Union*, No. 07-C-149, 2007 U.S. Dist. LEXIS 50561, at *6-7 (E.D. Wis. July 11, 2007). Here, by contrast, Verizon won; the case was plainly not "one-sided" in plaintiff's favor.

**B.    Plaintiff's Five-Factor Test Also Does Not Support A Fee Award.**

Plaintiff fares no better under her preferred five-factor test. "It is difficult to imagine a situation in which the application of one model rather than the other would alter [the Court's] decision concerning the propriety of an award of costs or fees." *Tesch*, 937 F.2d at 363. This case is no exception. Four of the five factors weigh heavily against a fee award.[4]

The "relative merits" and "common benefit" factors both weigh strongly against any fee award. These two factors "go to the merits of the claim or defense, and thus to the issue of substantial justification." *Sullivan*, 504 F.3d at 671. Because Verizon prevailed in this litigation, the "relative merits" are entirely in Verizon's favor. *See supra* at 5-7. Plaintiff's bald assertion

---

defendant takes one or more unreasonable positions during the course of an ultimately successful defense to litigation. *See*, *e.g.*, *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993) ("[W]e do rely on *Jean* as directing a more broadly focused analysis that would reject the view that *any* unreasonable position taken by the government in the course of litigation automatically opens the door to an EAJA fee award.").

[4] The last factor, "ability to pay" a fee award, cannot by itself support a fee award. *See*, *e.g.*, *Firestone Tire & Rubber Co. v. Neusser*, 810 F.2d 550, 557-58 (6th Cir. 1987) ("this factor alone should not be dispositive when examination of all other relevant factors indicates that fees should not be awarded"); *Mazet v. Halliburton Co. LTD Plan*, No. CV-04-0493-PHX-FJM, 2009 U.S. Dist. LEXIS 35985, at *4 (D. Ariz. Apr. 9, 2009) ("An ability to pay, without more, is clearly insufficient to support an award of fees.").

that this factor is "a wash" is nonsensical. *See* Pl.'s Mem. at 16. Furthermore, plaintiff's unsuccessful lawsuit did not confer any common benefit to her class. *See Henderson v. Unum Life Ins. Co.*, 736 F. Supp. 100, 107 (D.S.C. 1989) (denying fee award where "plaintiff . . . prevailed in challenging the administrator's initial benefit determination but ultimately failed to obtain the relief he sought"), *aff'd without opinion*, 900 F.2d 252 (4th Cir. 1990). *Cf. Sullivan*, 504 F.3d at 671-72 ("If the ERISA plaintiff prevails, but obtains meager relief, this . . . indicates that the defendant had a substantial justification for opposing the suit.").

The "deterrence" and "culpability or bad faith" factors also weigh against a fee award. The law does not deter plan administrators and sponsors from seeking reformation of good-faith scrivener's errors in plan documents or from defending against windfall benefit claims. *See* Dkt. 190 at 84-85 ("In fact, allowing equitable reformation when there has been no reliance on an error reinforces the plan document rule because it ensures that the plan is accurate."). *See also Conkright*, 2010 U.S. LEXIS 3479, at *6-7 ("People make mistakes. Even administrators of ERISA plans. That should come as no surprise, given that [ERISA] is an enormously complex and detailed statute[.]"); *Foltice v. Guardsman Prods., Inc.*, 98 F.3d 933, 937 (6th Cir. 1996) (denying § 502(g)(1) fee award: "Honest mistakes are bound to happen from time to time, and fee awards are likely to have the greatest deterrent effect where deliberate misconduct is in the offing.").[5] And a defendant cannot be culpable (and certainly cannot have litigated in bad faith) when it prevails on the merits or avoids liability on a plaintiff's claims. *See Cent. States, S.E. & S.W. Areas Pension Fund v. Hunt Truck Lines, Inc.*, 272 F.3d 1000, 1004 (7th Cir. 2001) (factor

---

[5] Plaintiff argues that the Court should aim to deter "negligent plan drafting and administration." Pl.'s Mem. at 8. However, the exacting standard of proof required for reformation is a far stronger deterrent for negligent plan drafting than a one-time fee award. *See Sullivan*, 504 F.3d at 671 ("Factor 3 (deterrence) is empty because . . . whether the award of fees in a particular case will have a deterrent effect cannot be determined.").

focuses on the "degree of the *losing party's* culpability or bad faith") (emphasis added). *See also Bittner*, 728 F.2d at 829 (culpability factor "seems in context to refer to the easy case . . . where the litigating position of the party opposing the application for attorney's fees is frivolous").[6]

## III.    Plaintiff Is Not Entitled To Attorney's Fees Under Trust Law Or Equity.

Plaintiff also presents two arguments that the court should award her attorney's fees under traditional trust law standards, *see* Pl.'s Mem. at 19-21, but neither argument supports a fee award in this ERISA case. Trust law "offers a starting point for analysis of ERISA," but may not be applied where it is "inconsistent with the language of the statute, its structure, or its purposes." *Harris Trust & Sav. Bank v. Salomon Smith Barney Inc.*, 530 U.S. 238, 250 (2000).

### A.    Plaintiff Was Not "Defending The Trust" Against Reformation.

Plaintiff's argument that she may recover attorney's fees for "defending the trust" against reformation is inconsistent with ERISA and with plaintiff's representation in this case. *See* Pl.'s Mem. at 19-21. Under plaintiff's theory, a plan participant could obtain a fee award even if she did not satisfy the judicially-developed standards for attorney's fees under § 502(g)(1). The federal courts have rejected similar attempts by litigants to broaden ERISA's fee-shifting provisions through standards imported from common law. *See*, *e.g.*, *Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 620-21 (6th Cir. 1998) (declining to apply state law attorney's fee rules that would "frustrate ERISA's remedial scheme"); *B + B Elec. Co. v. Elec. Workers Local Union No.*

---

[6] Plaintiff argues that Verizon may be "culpable" because its "negligence . . . led to the second transition factor in the 1996 and 1997 plans." Pl.'s Mem. at 11-12. Even if this were the correct inquiry, culpability requires "more than negligence." *Rodriguez v. MEBA Pension Trust*, 956 F.2d 468, 472 (4th Cir. 1992). *Accord McPherson v. Employees' Pension Plan*, 33 F.3d 253, 256-57 (3d Cir. 1994) (culpability factor requires "something more than simple negligence"); *Freeman v. Cont'l Ins. Co.*, 996 F.2d 1116, 1120 (11th Cir. 1993) (absent bad faith, culpability factor favors defendant).

*369 Ret. Fund*, 249 F. Supp. 2d 865, 870 (W.D. Ky. 2003) (declining to apply common law principles to expand ERISA's fee-shifting provisions).

Furthermore, plaintiff brought this litigation on behalf of herself and a class of Plan participants, not on behalf of the Plan itself. ERISA allows a participant to pursue litigation "in a representative capacity on behalf of the plan" in only limited circumstances and for only certain relief. *See Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n.9 (1985). *See also* ERISA §§ 409(a) & 502(a)(2), 29 U.S.C. §§ 1109(a) & 1132(a)(2). Here, plaintiff did not seek to bring her action under §§ 409(a) and 502(a)(2), and did not otherwise take any steps to seek appointment as a bona fide representative of the plan's interests in litigation.[7]

### B.    Plaintiff Did Not Obtain A "Common Benefit."

Plaintiff's argument for a fee award under the "common benefit" doctrine fails because plaintiff did not obtain any common benefit from which attorney's fees could be paid. *See* Pl.'s Mem. at 21-23.

Under the common benefit doctrine, a successful class action plaintiff may recover her attorney's fees from a common fund that she has recovered for the class, or may spread her costs proportionately to class members. *See Hall v. Cole*, 412 U.S. 1, 5-7 (1973). The doctrine does not, however, permit a plaintiff to impose attorney's fees on defendants. *See Gaffney v. Riverboat Servs.*, 451 F.3d 424, 467 (7th Cir. 2006) ("The plaintiffs ask this court to shift their

---

[7] Plaintiff also misstates the standard for obtaining attorney's fees under trust law. Fee-shifting is allowed in trust litigation, but "litigation expenses were at common law chargeable against another party only in the case of egregious conduct such as bad faith or fraud." Uniform Trust Code § 1004, cmt. *See also, e.g., Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 167 (1939) ("[S] such allowances are appropriate only in exceptional cases and for dominating reasons of justice."); *Dardovitch v. Haltzman*, 190 F.3d 125, 145 (3d Cir. 1999) ("In particular, a court deciding a trust case can grant a beneficiary attorney's fees from the trustee . . . where the trustee breaches his fiduciary duty with more than ordinary fault.").

fees to the defendants; the common benefit doctrine, however, serves to shift fees and expenses from the plaintiffs individually to the benefiting class as a whole."); *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 396-97 (1970) (the purpose of the doctrine "is not to saddle the unsuccessful party with the expenses but to impose them on the class that has benefited from them").

Plaintiff's analogy to *Mills* is unpersuasive. *See* Pl.'s Mem. at 22. In *Mills*, the Supreme Court recognized that a plaintiff in a derivative action may recover common benefit attorney's fees from all shareholders through an award against the corporation. *See* 396 U.S. at 394-95. Although taxed to the corporation, the cost of the fees would ultimately be borne by the shareholders in proportion to their stock holdings. *Id.* The reasoning of *Mills* does not apply here because ERISA prohibits taxation of participants' accrued benefits to pay "common fund" or "common benefit" attorney's fee awards. *See* ERISA § 206(d)(1), 29 U.S.C. § 1056(d)(1) ("Each pension plan shall provide that benefits provided under the plan may not be assigned or alienated."); *Kickham Hanley, P.C. v. Kodak Ret. Income Plan*, 558 F.3d 204, 210-13 (2d Cir. 2009) (ERISA anti-alienation rule prohibits award of "common fund" attorney's fees from plan assets).

## CONCLUSION

For the foregoing reasons and for the reasons stated in Verizon's prior opposition brief, the Court should deny plaintiff's motion for attorney's fees.

Respectfully submitted,

Defendants Verizon's Bell Atlantic Cash
Balance Plan and Verizon Communications Inc.

By:     /s/ Abigail A. Clapp
        James G. Richmond (620637)
        Abigail A. Clapp (6269540)
        Greenberg Traurig, LLP
        77 West Wacker Drive, Ste. 2500
        Chicago, IL  60601
        Tel. (312) 456-8400
        Fax (312) 456-8435

        Jeffrey G. Huvelle (admitted *pro hac vice*)
        Frederick G. Sandstrom (6278816)
        Covington & Burling LLP
        1201 Pennsylvania Ave., N.W.
        Washington, DC  20004
        Tel. (202) 662-6000
Dated:  April 22, 2010              Fax (202) 662-6291

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 22, 2010, I served the foregoing Response to Plaintiff's

Memorandum in Support of Motion for Award of Attorney's Fees and Costs on plaintiff's

attorneys of record in this case.

/s/ Abigail A. Clapp
Abigail A. Clapp